The opinion of the Court was delivered by
Tilghman C. J.
[.After stating the case.]—The counsel for the plaintiffs, who certainly made the most of their cause, argued strenuously that the time fixed for the release, was not an essential circumstance, and that as the release was executed within six months, before the expiration of which the defendants were not authorised to' make a dividend, it was highly reasonable that the plaintiffs should be let in, which would be advantageous to Joseph Clark, because he would thereby be discharged from their claims. He contended also, that this would be no injury to the other creditors, because, their dividend would not be increased by the exclusion of the plaintiffs, inasmuch as by the true construction of the asssignment, each creditor was to receive no more than the proportion which his debt bore to the whole amount of debts in the class to which he belonged, whether all the creditors in that class executed releases or not. If this be indeed the meaning of the.assignment, the plaintiffs will have a strong case; for if the dispute be only between the plaintiffs and Joseph Clark, much may be said in favour of an extension of time. But after an attentive examination of the deed, with a strong disposition to let the plaintiffs in for a dividend, if possible, I have not been able to agree with the plaintiffs’ counsel in his construction of it. The first class of creditors is no way concerned in this dispute. Those creditors have been all paid, and it is to be presumed the assignor knew that they would be all paid. But in the other classes, a deficiency of estate must have been probable at the time of executing the deed of assignment. The second class has received only thirty-seven and a half per cent. The *514 plaintiffs belong to the second class. Suppose then that they are excluded. If the sum which would have been drawn by the plaintiffs in case they had released within sixty days, is not to go to the creditors in that class who did release, what is to become of it ? It is said it is to go to Joseph Clark. But it is not declared so in the deed; on the contrary, the express trust, with regard to Clark, is, that he shall receive the surplus, if any there be, after paying all the debts in all the classes. The proviso in the end of the deed, acts with retrospective force on the whole which precedes it; so much so, that a creditor who falls within the scope of it, is considered as a stranger, and excluded from all benefit of the trust. I have never liked these assignments, which operate as a coercion on creditors. But I can have no doubt of their meaning. They are calculated to produce speedy releases, by the influence of hope and fear. Some creditors are brought in by the hope of getting a good dividend, because they suppose that many will stand out. And others are induced to take a little through the fear of losing all. The expressions in this deed,' applied to eách class, are, that if there shall not be monies sufficient to pay their whole debts, then they shall be paid in just and equal proportions ; that is to say, as I understand it, taking the proviso into consideration, as the fund to be divided, is to the amount of the released debts in any class, so is the debt of any individual in that class, to the dividend he will be entitled to receive. The claim -of the plaintiffs therefore, is, in the first place, in opposition to the creditors who have released, in the second class; but if they should receive their whole debts, then in opposition to the succeeding classes respectively; but Joseph Clark is not to receive any thing, till all the released debts, in all the .classes, have been fully satisfied. The dispute therefore, as to enlarging the time for the plaintiffs release, is not between them and 6’/nri, blit between them and the other creditors. The claim for extension pf time, is founded on equity. But what equity have the plaintiffs against the other creditors ? These creditors have executed releases, and have nothing but this fund to look to. I cannot say, that the chances of other creditors standing out, may not have been an inducement, to these persons to sign the release. They saw the terms held out by the assignment, and *515 had a right to calculate on their strict observance. But if these terms are now varied, the consideration of their release is, in part taken from them. Supposing my construction of the assignment to be the true one, this case is.not to be distinguished from Pearpoint & Lord v. Graham, decided by the Circuit Court of the United States for this district, at April Perm, 1820. There, it was expressly ordered, that the fund should be divided among those creditors who executed releases by a certain day, and the Court decided that the time could not be extended. That was indeed a stronger case than the present, for there the plaintiffs had some excuse for no.t executing a release in time. The trustee had undertaken to have a release prepared to be signed by the creditors. The plaintiffs called within the time, for the purpose of signing, but the writing was not ready. But in the case before us, no excuse or apology whatever' has been offered ; no mistake, no inadvertency of any kind, alleged. We must suppose therefore, that the delay was deliberate. Many of the cases cited by the plaintifls’ counsel, were strong, for the purpose intended, that is, to shew that in cases where no injury has been sustained, or compensation can be made for any injury which may have been sustained, time is not generally considered, in equity, an essential part of the contract. But those cases cannot be applied against the releasing creditors, between whom and the plaintiffs there has been no contract. The only case which has any thing like a strong bearing on the present question, is that of Dunch v. Kent, decided in the year 1684, and reported in 1 Fern. 26C. 359. The King, being indebted to 'Colvill, a'^banker, in the sum of 84,700/., and Lindsey, a bankrupt, having married Colvill’s widow, the King, by letters patent, in consideration of the said debt, granted to Lindsey an annual sum issuable out of the hereditary excise, on special trust, that all such of Colvill’s creditors as would come in within a twelve month, and accept a share of this annual sum, in proportion to their debts, should have the same assigned to them. A creditor of ColvilTs filed his bill, after the year, to have the benefit of this trust, and complained that Lindsey had acted fraudulently, in applying part of the fund to the payment of his own debts. It was decreed, that there was a continuing trust for creditors who came in after the year. The case *516 is badly reported. It does not appear what the annual suui grante¿ by the King was, nor for how many years it was to be, continued. Possibly it might have had continuance long enoUgh to pay all the debts of Colvill; and then the extension of time would have been a matter ‘in which nobody but ^ jr¿ng was concerned. Be that as it may, there appears to have been very little question about extension of time. The main dispute was, between the plaintiff and Lindsey, who had committed a fraudulentibreach of trust. Nothing is said of any opposition to the plaintiff by those creditors who had come in within the year. Indeed it is not even stated, that any creditors came in within the year. Nor is it said that any creditor was required to execute a releáse, without receiving his whole debt. A good deal of the report is taken up with a subject which does not seem to concern the matter in dispute, that is to say, with what the Solicitor General admitted, as to the right of a trustee for the payment of debts in general, to sell, upon good consideration, and as to the obligation on the purchaser, to look to the payment of the debts. In short, I think it an obscure case,—distinguished however, as far as I can understand it, in many particulars, from the one before us, and by no means of equal weight with Pearpoint & Lord v. Graham. Upon the whole, I am of opinion, that the plaintiffs have not complied with the terms required by Joseph Clarks deed of assignment, and therefore they are not entitled to any part of the dividend in the hands of the defendants.